IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, AKRON

| | |
|---|---|
| ENVISION INSURANCE COMPANY, | CASE NO. |
| Plaintiff, | |
| v. | |
| HANNOVER LIFE REASSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

### MOTION UNDER FEDERAL ARBITRATION ACT TO APPOINT UMPIRE

Plaintiff Envision Insurance Company ("Envision"), for its Motion under Federal Arbitration Act to Appoint Umpire, states the following.

1. This is a motion under the Federal Arbitration Act for the Court to appoint the third arbitrator (or umpire) in order to complete the three-person arbitration panel called for under the reinsurance contract between Envision and Defendant Hannover Life Reassurance Company of America ("Hannover Re").

2. The Federal Arbitration Act provides that if for any reason there is a lapse in the naming of an arbitrator or umpire then upon application of either party to the controversy the court shall designate and appoint the arbitrator or umpire, as the case may be.  9 U.S.C. § 5.

3. Envision demanded arbitration against Hannover on March 26, 2018.  Each side appointed an arbitrator by May 29, 2018.  As explained in more detail below, efforts to appoint an umpire have taken place since that time, without success.  Consequently, Envision applies to this Court for the designation and appointment of the umpire.  The Federal Arbitration Act

provides that any application for relief thereunder shall be made and heard in the manner provided by law for the making and hearing of motions.  9 U.S.C. § 6.

**Parties, Jurisdiction and Venue**

4. Envision is an Ohio-domiciled insurance company with its principal place of business in Ohio.

5. Hannover Re is a Florida-domiciled insurance company with its principal place of business in Florida.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), as this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this district under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this district.

**The Reinsurance Contract and the Parties' Dispute**

8. Envision and Hannover Re are parties to a reinsurance contract entitled Medicare Part D Prescription Drug Program Individual Business Reinsurance Agreement ("the Reinsurance Contract").  A copy of the Reinsurance Contract is attached hereto as Exhibit A.

9. Reinsurance is insurance for insurance companies.  The original insurance company (in this case, Envision) issues policies to its policyholders and, in exchange for a share of the premium, is in turn covered for a share of its liability in connection with those policies by its reinsurer (in this case, Hannover Re).

10. Envision issued Medicare Part D Prescription Drug insurance policies, and Hannover Re reinsured Envision for a share of Envision's liability in connection with such policies.  Envision paid substantial premiums to Hannover Re for this reinsurance coverage.

11. After final adjustments to Plan Year 2012 Premium and Subsidy Payments, Envision sent a final invoice to Hannover Re for its share of the Plan Year 2012 liabilities on or about February 2, 2018. Hannover Re failed to pay.

12. Consequently, in accordance with Article XIX of the Reinsurance Contract, Envision initiated an arbitration against Hannover Re by notifying it in writing of its desire to arbitrate. Hannover Re responded to the notification to arbitrate and purported to assert a counterclaim.

13. The Reinsurance Contract calls for three arbitrators to resolve disputes: one to be appointed by each party, and the third (known as the "umpire") to be chosen by the two party-appointed arbitrators. If the two party-appointed arbitrators fail to choose the umpire within 30 days, then the Reinsurance Contract directs that the parties shall appoint the umpire pursuant to the ARIAS-U.S. Umpire Selection Procedure. ARIAS-U.S. is a reinsurance arbitration group, which trains and certifies arbitrators and umpires for reinsurance contract arbitrations, publishes forms and guidelines for the conduct of reinsurance contract arbitrations, and also offers umpire selection services.

**Umpire Selection Efforts**

14. Envision and Hannover Re each appointed an arbitrator. The two party-appointed arbitrators each nominated three umpire candidates, and those candidates were asked to return ARIAS-U.S. form disclosure questionnaires respecting their experience and contacts. After certain nominees declined consideration and were replaced, a total of six umpire nominees had returned disclosure questionnaires.

3

15. Hannover Re challenged none of the six nominees as unqualified or disqualified due to a conflict of interest.  However, there was no agreement on an umpire from these six nominees.

16. Accordingly, the parties invoked the ARIAS-U.S. Umpire Selection Procedure (which can be found at https://www.arias-us.org/arias-us-dispute-resolution-process/practical-guide/selecting-an-umpire/, and a copy of which is attached hereto as Exhibit B).  The ARIAS-U.S. Umpire Selection Procedure involves a random selection by ARIAS-U.S. of candidates from its list of Certified Umpires.  The parties then obtain disclosure questionnaires from those randomly selected by ARIAS-U.S., each party picks a set of five candidates from those who return disclosure questionnaires, and then each party picks three from the other side's list of five.  If there is an overlapping candidate after these exchanges of lists, that person is umpire.  If there is more than one overlapping candidate, then the umpire is chosen from the overlapping candidates by a lot-drawing.  If there is no overlapping candidate, then the parties rank the remaining candidates; and the candidate with the highest combined ranking is umpire.

17. Key elements of the ARIAS-U.S. Umpire Selection Procedure are (a) random selection of umpire candidates, (b) all umpire candidates have the training and experience required to become an ARIAS-U.S. Certified Umpire, and (c) each party is able to exercise strikes against certain umpire candidates in the pool before the final selection, akin to peremptory challenges to prospective jurors.

18. ARIAS-U.S. randomly selected twelve candidates from its Certified Umpires and provided that list of twelve to the parties.

19. Hannover Re complained that the list of twelve was not limited to candidates who were former or current officers of life insurance or life reinsurance companies other than the

parties or their affiliates, arguing that the Reinsurance Contract required ARIAS-U.S. to so limit its list.

20. Envision did not agree that ARIAS-U.S. was required to limit its randomly-selected list in this way, but Envision offered to work from the list of twelve that ARIAS-U.S. provided or to work from a subset of ARIAS-U.S. Certified Umpires who were former or current officers of life insurance or life reinsurance companies.

21. Hannover Re agreed to work from a subset of ARIAS-U.S. Certified Umpires who were former or current officers of life insurance or life reinsurance companies. Envision supplied that list, which totaled eleven people. Three of those eleven people had been nominated before by the parties and had already returned disclosure questionnaires.

22. Hannover Re proposed that three additional people who were ARIAS-U.S. Certified Umpires be added to the list of eleven; and Envision agreed.

23. Disclosure questionnaires went out to the eleven ARIAS-U.S. Certified Umpires on the list who had not already returned disclosure questionnaires.

24. Three of the eleven declined consideration. Two of the remaining eight (Messrs. John Dore and Roger Moak) disclosed life insurance or life reinsurance experience, but not service as a former or current officer of a life insurance or life reinsurance company. One of the remaining eight disclosed a prior officer position with an affiliate of Hannover Re.

25. Thus, the parties had a list of eight ARIAS-U.S. Certified Umpires who disclosed service as a former or current officer of a life insurance or life reinsurance company:

> Peter Bickford; Bruce Carlson; Susan Claflin; Denis Loring; Ray Neff; Dan Schmidt; Mike Studley; and Ron Wobbeking.

26. The parties also had a list of two ARIAS-U.S. Certified Umpires who disclosed life insurance or life reinsurance experience, but not service as a former or current officer of a life insurance or life reinsurance company:

> John Dore and Roger Moak.

27. Envision proposed various approaches to complete the ARIAS-U.S. Umpire Selection Procedure. For example, Envision proposed that the parties each exchange lists of four from the list of eight set forth in Paragraph 25 above, and then a sub-list of two from the other side's list of four. Envision also proposed that Messrs. Dore and Moak be included with the eight, creating a list of ten from which the parties would each exchange lists of five from the list of ten, and then a sub-list of three from the other side's list of five.

28. Hannover Re rejected both proposals, claiming for the first time that one of the eight ARIAS-U.S. Certified Umpires had disclosed too many prior cases involving counsel for Envision. Hannover Re's objection to this ARIAS-U.S. Certified Umpire is meritless.

29. Hannover Re proposed instead that it be allowed to nominate more candidates than Envision, and that its nominated candidates not need to be ARIAS-U.S. Certified Umpires. Alternatively, Hannover Re proposed that there be no strikes, with the parties each selecting three candidates from the list of eight ARIAS-U.S. Certified Umpires and then ranking the six selected. Envision rejected Hannover Re's counterproposals.

30. The ARIAS-U.S. Umpire Selection Procedure enables the parties to exercise strikes by choosing lists and sub-lists. It does not authorize unilateral strikes in the manner asserted by Hannover Re, it does not permit one party to nominate more candidates than the other, and it does not dispense with strikes in the manner proposed by Hannover Re.

**CLAIM FOR RELIEF**

31. No umpire has been appointed.  The process set forth in the Reinsurance Contract has been followed, with some modifications to the process negotiated by the parties.  However, the process has not culminated in an umpire selection because Hannover Re has refused (a) to work with the original list of ARIAS-U.S. Certified Umpires candidates randomly selected by ARIAS-U.S., (b) to create lists and sub-lists from the list of eight ARIAS-U.S. Certified Umpires who disclosed service as a former or current officer of a life insurance or life reinsurance company, or (c) to create lists and sub-lists from the list of ten ARIAS-U.S. Certified Umpires who have returned a questionnaire.

32. Thus, there has been a lapse in the naming of the umpire.

33. Pursuant to 9 U.S.C. § 5, the Court should designate the appointment of an umpire by directing the parties to complete the ARIAS-U.S. Umpire Selection Procedure by working with the list of eight ARIAS-U.S. Certified Umpires who disclosed service as a former or current officer of a life insurance or life reinsurance company, with each side creating a list of four from that list of eight and then a sub-list of two from the other side's list of four.

34. Alternatively, the Court should designate the appointment of an umpire by directing the parties to complete the ARIAS-U.S. Umpire Selection Procedure by working with the list of eight ARIAS-U.S. Certified Umpires, supplemented by the list of two ARIAS-U.S. Certified Umpires who disclosed life insurance or life reinsurance experience, but not service as a former or current officer of a life insurance or life reinsurance company.  That creates a list of ten ARIAS-U.S. Certified Umpires, with each side creating a list of five from that list of ten and then a sub-list of three from the other side's list of five.

For the foregoing reasons, Plaintiff Envision Insurance Company respectfully requests that the Court appoint an umpire by directing the parties to conclude the ARIAS-U.S. Umpire Selection Procedure from the list of eight candidates or the list of ten candidates, as set forth above.

Dates: September 7, 2018

*/s/  James H. Rollinson*
James H. Rollinson (0080442)
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio  44114
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
jrollinson@bakerlaw.com (e-mail)

*Counsel for Envision Insurance Co.*
